# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

### DOCKET NO. 3:06-CV-180-W

| | | |
|---|---|---|
| **MEINEKE CAR CARE CENTERS, INC.,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **vs.** | ) ) | **ORDER AND NOTICE** |
| **DAVID L. DUVALL,** | ) ) ) | |
| **Defendant.** | ) ) | |
| | ) | |

THIS MATTER comes before the Court for consideration of Meineke's Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Doc. No. 16). Meineke's motion is supported by its Verified Complaint (Doc. No. 1), the affidavit of Michael Carlet (Doc. No. 1-3), and Duvall's Answer (Doc. No. 12).

The time normally allowed to a party for responding to a dispositive motion (see Local Civil Rule 7.1(B)) has passed without a response by Duvall. The Court has reviewed Meineke's motion and is satisfied that the admissions contained in the Answer establish Duvall's liability on the Meineke Franchise and Trademark Agreement. However, Duvall's Answer avers general denials as to the amount of damages he owes to Meineke on account of breaching the franchise agreement. Therefore, the Court cannot enter judgment on the pleadings in this matter without considering the sworn affirmations contained in Meineke's verified complaint and Carlet's affidavit going to the issue of damages.

Accordingly, the Court gives notice to the parties of its intent to treat Meineke's motion as

a motion for summary judgment and dispose of it as provided in Rule 56 of the Federal Rules of Civil Procedure.

This circuit has held that an unrepresented litigant is entitled to notice that a Rule 12 motion is to be treated as a motion for summary judgment, and such notice must be "reasonably calculated to inform the nonmoving party of the conversion, and of his right to file countering affidavits or to undertake reasonable discovery in an effort to produce a triable issue of fact." <u>Davis v. Zahradnick</u>, 600 F.2d 458, 460 (4th Cir. 1979); <u>see also</u> <u>Roseboro v. Garrison</u>, 528 F.2d 309, 310 (4th Cir. 1975).

In accordance with <u>Davis</u> and <u>Roseboro</u>, the Court advises Plaintiff, who is proceeding *pro se*, of the heavy burden that he carries in responding to Meineke's motion. Rule 56(e) of the Federal Rules of Civil Procedure provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

This language means that if Plaintiff has any evidence to offer to show that there is a genuine issue for trial, he must now present it to this Court in a form which would otherwise be admissible at trial, *i.e.*, in the form of affidavits or unsworn declarations. An affidavit is a written statement under oath; that is, a statement prepared in writing and sworn before a notary public. An unsworn statement, made and signed under the penalty of perjury, may also be submitted. Affidavits or statements must be presented to this Court with copies served upon Plaintiff no later than thirty (21) days from the date of this Order, or 28 February 2007. As stated by Rule 56(e), Defendant's failure to respond may result in Meineke being granted the relief it seeks by way of its motion; that is, an award for damages

in the amount of $96,971.75 on its claims.

It is now, therefore, ORDERED that:

1. The *pro se* Defendant shall have until 28 February 2007, to file a response in opposition to Meineke's Motion for Judgment on the Pleadings, including any counter-affidavits or other evidence, or in the alternative to show good cause why time to respond should be extended beyond this period for the purpose of seeking discovery.

2. The Clerk is directed to mail copies of this Order and Notice to the *pro se* Defendant, David L. Duvall, at both of the following addresses:

125 Richland Avenue West
Aiken, SC 29801

541 Rocky Ridge Road
Augusta, GA 30907

IT IS SO ORDERED.

Signed: February 6, 2007

Frank D. Whitney
United States District Judge