# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

### DOCKET NO. 3:06-CV-180-W

| | | |
|---|---|---|
| MEINEKE CAR CARE CENTERS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | ORDER |
| DAVID L. DUVALL, | ) ) | |
| Defendant. | ) ) ) | |

THIS MATTER comes now before the Court for final disposition upon Plaintiff's motion for judgment on the pleadings (Doc. No. 16), which the Court will treat as a motion for summary judgment as provided in Rules 12(c) and 56 of the Federal Rules of Civil Procedure.

This civil action was brought by Meineke against Duvall (as a former franchisee) for breach of the "Franchise and Trademark Agreement" entered between the parties in September 2004. Duvall operated an Aiken, South Carolina-located Meineke Car Care Center for approximately one year before he began experiencing financial difficulties and became delinquent in his obligation to pay franchise fees and advertising contributions under the agreement. Meineke sent Duvall a notice of default on 23 November 2005, and after Duvall failed to cure the default, Meineke exercised its right to terminate the agreement on 14 February 2006. At the time that the agreement was terminated, Duvall owed Meineke $10,439.29 in outstanding royalties and fees. Duvall briefly continued to operate his shop under the name of Pegasus Car Care Center, but closed the doors in June 2006 due to lack of business.

On 13 April 2006, Meineke filed suit against Duvall seeking both injunctive relief (specific performance of a covenant not to compete) and damages (including the $10,439.29 in unpaid fees and an additional $86,532.46 representing lost prospective profits due to early termination of the franchise agreement). Duvall, acting *pro se*, timely filed an answer on 8 May 2006, in which he admitted most material allegations of the complaint (including breaching the franchise agreement) but generally denied pecuniary liability. By the time the Court held a hearing on Meineke's motion for preliminary injunction, Duvall had altogether ceased operating his business and so Meineke withdrew its claims for injunctive relief. The Court then directed to Meineke to file a Rule 12(c) motion on its claims for damages based on its verified complaint and the admissions contained in Duvall's answer.

Upon initial review of Meineke's Rule 12(c) motion, the Court determined that it should be converted into a motion for summary judgment and accordingly issued notice to the *pro se* Defendant, pursuant to Davis v. Zahradnick, 600 F.2d 458 (4th Cir. 1979), informing him of his right to file countering affidavits or to undertake reasonable discovery in an effort to produce a triable issue of fact. Duvall responded by providing a "summary" of his position in a short letter to the Court, but did not submit any competent evidence in a form that would be admissible at trial. Meineke therefore argues that its claim for a total of $96,971.75 (representing both past due and future fees) remains unrebutted, and that judgment should be entered in the full amount.

The Court disagrees in part with Meineke's position. As plaintiff, Meineke bears the burden of persuasion on all issues of liability and damages, and Duvall has no burden to come forward with any contravening evidence if Meineke's proof standing alone fails to satisfy this burden. Furthermore, Duvall's letter to the Court – in which he represents that he cannot understand how

Meineke can claim three years ($86,000) in lost prospective profits when the franchise itself was not generating sufficient income to operate at a profit – highlights a gaping hole in Meineke's proof.

Specifically, to recover prospective profits (here, in the form of prospective franchise fees and advertising contributions), Meineke must prove, *inter alia*, that "it is reasonably certain that such profits would have been realized except for the breach of the contract." Perkins v. Langdon, 74 S.E.2d 634, 644 (N.C. 1953). In support of this element of its prayer for lost profits, Meineke argues that "[t]here is no evidence that Defendant ceased generating any business at his shop . . . [t]herefore, it is reasonably certain that . . . there would have been gross revenues from which he could have continued to pay Meineke his weekly franchise fees and advertising contributions." This argument, however, turns the proper mode of proof on its head – Meineke carries an affirmative burden to prove that Duvall's shop would have continued to generate income but for the breach, and does not meet this burden simply by relying on an absence of evidence to the contrary. Moreover, where Duvall has represented to the Court that he closed shop due to a lack of business approximately three months after Meineke terminated his franchise (as confirmed by Meineke's counsel's representations that it would not pursue its claims for injunctive relief because Duvall had ceased operating a competing business), the Court is satisfied that Meineke cannot recover the claimed three years' worth of lost profits.[1]

Now, therefore, it is ORDERED that Meineke's motion for judgment on the pleadings (Doc.

---

[1] At best, Meineke might be able to recover reasonable damages for the short period of time during which Duvall did continue in business under the name Pegasus Car Care Center, premised upon either a lost profits theory or ¶ 11.4 of the franchise agreement (in which Meineke franchisees covenant not to operate a competing business for a period of one year after termination of the contract). The Court need not decide the issue here, however, because Meineke has provided no basis from which the Court could ascertain this more limited measure of damages.

No. 16) is GRANTED, IN PART. The Clerk is DIRECTED to enter judgment in favor of the Plaintiff and against the Defendant in the amount of ten thousand four hundred thirty-nine dollars and twenty-nine cents ($10,439.29), with post-judgment interest accruing at the statutory rate. The Clerk is further DIRECTED to serve a copy of this Order and the Judgment on the *pro se* Defendant at the following address:

> David L. Duvall
> 541 Rocky Ridge Dr.
> Martinez, GA 30907

This case shall be closed off the Court's docket.

IT IS SO ORDERED.

Signed: April 12, 2007

Frank D. Whitney
United States District Judge